[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'SCOUNSEL
The parties stipulated through offers of proof to the following:
The plaintiff has filed a four-count complaint alleging that she expended sums of money and performed services for the benefit of the defendant on his promise to make her joint owner with him of a home the two were in the process of constructing, improving and maintaining. When he failed to make good on this promise, she filed this action for the imposition of a constructive trust, and for damages on counts alleging unjust enrichment, quantum meruit, and fraud.
The plaintiff now moves to disqualify defendant's counsel on the grounds that an associate in the office of the law firm CT Page 11525 represented the defendant and the plaintiff in connection with the closing on the subject premises and was present when certain statements were made by the defendant which, the plaintiff claims, corroborate her claim that the defendant made certain promises to her. The defendant's offer of proof is that the associate denies that she heard any such statements, so that she will not be able to offer testimony which will in any way substantiate the plaintiff's claims.
Originally the plaintiff claimed several grounds for disqualifying the defendant's attorneys, among them that the attorney-client relationship is involved, either through the disclosure of attorney-client confidences or because the defendant's law firm was "conflicted out" of representing the defendant here, having learned of matters through its representation of the parties jointly which might give the defendant some advantage were the current representation to continue.
Those claims were abandoned at oral argument so that what remains is the claim now being advanced by the plaintiff that a former employee (it is not disputed that the associate sought to be made a witness is no longer in the employ of the defendant's firm) of the firm is likely to be a material witness so that the current representation by the firm of the defendant is not appropriate.
It is not disputed that the defendant has a long-standing relationship with the law firm and has never in his business or personal dealings been represented by any other firm when legal representation was necessary. The defendant views the plaintiff's motion as a way to gain a tactical advantage as the litigation progresses rather than a bona fide attempt to present a breach of ethics to the court.
The applicable rule regarding counsel-as-witness is Rule 3.7 of the Rules of Professional Conduct:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; CT Page 11526 or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
 (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.
The instant case involves neither (a)(1) an uncontested issue — the existence and substance of any statements made by defendant to plaintiff at the closing is hotly contested — nor (a)(2), the nature or value of legal services. The court does not find (a)(3) applicable because a disqualification would not work a substantial hardship, as opposed to a serious inconvenience, on the defendant. Rather, the permissive section of Rule 3.7(b) governs, allowing another lawyer in the firm to be a witness unless otherwise precluded from doing so.
The stipulated proffer involves an alleged conversation between the plaintiff and the defendant which a former employee of the defendant's law firm may have overheard. That employee no longer represents anyone involved in this action. She may be called as a witness without implicating the current representation of any party in the current action.
Whether the defendant believes it is the best strategy to choose as counsel a firm whose former employee may be a witness called by his opponent is a decision he is entitled to make. That decision does not, however, implicate the Rules of Professional Conduct nor mandate disqualification of defendant's counsel. Accord, Bergeron v. Mackler, 225 Conn. 391 (1993).
Patty Jenkins Pittman, Judge